IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CURTIS WRIGHT | : | |
| Plaintiff | : | |
| v. | : | Civil Action No. WDQ-07-2632 |
| WARDEN | : | |
| Defendant | : | |

o0o

**MEMORANDUM**

The above-captioned civil rights case was filed on October 1, 2007, and concerns Plaintiff's allegation that an attorney appointed to represent him in a civil rights case in this court violated his Fourteenth Amendment rights. Paper No. 1. For the reasons that follow, the complaint must be dismissed.

Plaintiff claims John Morkam represented him in *Wright v. Sondervan*, Civil Action No. WDQ-03-3378 (D. Md. 2004), but failed to file an affidavit along with supporting documents Plaintiff gave him to file. Paper No. 1. The case was dismissed on summary judgment on November 3, 2004, and affirmed on appeal by the Fourth Circuit Court of Appeals on August 11, 2005. Plaintiff attributes the judgment to Mr. Morkam's failure to follow Plaintiff's direction on what to file. *Id*.

Mr. Morkam was not a state actor when he represented Plaintiff. In order to successfully assert a claim of constitutional rights violation, Plaintiff must show the defendant was a state actor. Specifically, the person charged with the civil rights violation must be a state official; someone who has acted with a state official; someone who has obtained significant aid from a state official; or someone whose conduct is somehow attributable to the state. Mr. Morkam is not a state official nor does the conduct described by Plaintiff have the imprimatur of official

conduct.

In limited circumstances, however, seemingly private conduct can be the subject of a §1983 suit. "[W]e have recognized four exclusive circumstances under which a private party can be deemed to be a state actor: (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen." *DeBauche v. Trani*, 191 F. 3d 499, 507 (4th Cir. 1999). The conduct alleged by Plaintiff in his complaint does not fall within these four categories. "If the conduct does not fall into one of these four categories, then the private conduct is not an action of the state." *Andrews v. Federal Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir.1993). The civil rights claim Plaintiff asserts in the instant case must, therefore, be dismissed.

A separate Order follows.


October 12, 2007                                             /s/
Date                                                William D. Quarles, Jr.
                                                    United States District Judge